IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01795-NRN

DEBORAH FERN RAJO,

Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff Deborah Fern Rajo is not disabled for purposes of the Social Security Act. (AR[1] 28.) Ms. Rajo has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). (Dkt. #13.)

### Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a

---

[1] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. (Dkt. ##10, and 10-1 through 10-8.)

1

preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271-72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

### Background

At the second step of the Commissioner's five-step sequence for making determinations,[2] the ALJ found that Ms. Rajo "has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, and fibromyalgia." (AR 25.) The ALJ then determined that Ms. Rajo "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in the regulations. (AR 28.) The ALJ found Plaintiff's obesity, anemia, elbow and hand pain, and bipolar disorder to be non-severe impairments. (AR 26.) Because he concluded that Ms. Rajo did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Ms. Rajo has the following residual functional capacity ("RFC"):

> . . . [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the work[]

---

[2] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

> with frequent posturals, except occasional climbing of ladders, ropes, or scaffolds; and no exposure to hazards such as unprotected heights and moving mechanical parts; no concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. Lifting and carrying is limited to 50 pounds occasionally and 20 pounds frequently.

(AR 29.) The ALJ determined that Ms. Rajo "is capable of performing past relevant work as an activity therapist, assistant retail manager, certified nursing assistant, and receptions." (AR 33.) Alternatively, the ALJ determined that, given Ms. Rajo's age, education, work experience, and RFC, she could perform jobs that exist in significant numbers in the national economy, including: meat clerk, store laborer, and courtesy clerk. (AR 35.) The ALJ concluded that Ms. Rajo "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (AR 36.)

Ms. Rajo asserts three reversible errors: first, that the ALJ failed to include mental limitations in the RFC, despite finding Ms. Rajo has mild limitations in completing activities of daily living, social functioning, and concentration, persistence, or pace; second, that the ALJ failed to give weight to Mr. Rajo's fibromyalgia symptoms in the RFC analysis; and third, that the ALJ improperly discounted the opinion of Ms. Rajo's chiropractor, Dr. Jackson. (Dkt. # 15 at 1.)

## Analysis

Ms. Rajo first argues that the ALJ, despite finding that Ms. Rajo had mild limitations in completing activities of daily living, social functioning, and concentration, persistence, or pace, failed to include her mental limitations in the RFC. Ms. Rajo contends that this was a harmful error that requires remand for proper consideration of her non-severe mental impairments. The Court agrees.

The Commissioner of Social Security employs a special technique to evaluate the severity of mental impairments and their effect on a claimant's ability to work. 20 C.F.R. §§ 404.1520a(a), 416.920a(a). In applying the special technique, the ALJ must first decide whether the claimant has a medically determinable mental impairment. *Id.* §§ 404.1520a(b)(1), 416.920a(b)(1). Next, the ALJ must rate the degree of the functional limitation resulting from the claimant's medically determinable mental impairments in four broad functional areas: "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3).[3] The ALJ rates the degree of limitation as either none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4).

Here, at the first step of the special technique, the ALJ determined that Ms. Rajo had a medically determinable mental impairment of bipolar disorder. (AR 26.) At the second step, the ALJ determined that Ms. Rajo's bipolar disorder would cause her mild limitations in activities of daily living; social functioning; and concentration, persistence, or pace. (AR 27.) He then determined that Ms. Rajo experienced no episodes of decompensation, noting that she had not been hospitalized during the relevant period. (*Id.*) The ALJ determined that Ms. Rajo's

---

[3] Effective January 17, 2017, the regulations were updated, slightly modifying the four functional areas. *See Revised Medical Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66,138-01 (Sept. 26, 2016). The ALJ applied the four functional areas from the earlier versions of 20 C.F.R. §§ 404.1520a(c)(3) and 416.920a(c)(3) in conducting his analysis, which are "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." The Court's analysis is the same, regardless of the wording applicable functional areas.

mental impairments were not severe because they did not cause more than minimal limitations on her ability to perform basic mental work activities. (*Id.*)

The ALJ stated that his conclusion was supported by the objective evidence. He noted that in multiples instances, Ms. Rajo's mood and affect was described as normal, and she was described was alert, cooperative, well-groomed, and properly oriented. (*Id.*) Moreover, the ALJ gave great weight to the opinion of Dr. Mac Bradley who, after a 2014 consultative examination, diagnosed Ms. Rajo with bipolar disorder and opined that she was mildly impaired in her ability to perform complex tasks, adapt to changes in routine, and interact appropriately with other. (*Id.*)

In *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013), the Tenth Circuit discussed the requirements for analyzing non-severe mental impairments at steps two and four. The court noted that at step two, the ALJ rates the degree of limitation resulting from all medically determinable mental impairments in four broad functional areas. *Id.* at 1068 (citations omitted). Ratings that fall short of specified levels require a finding of "not severe." *Id.* (citations omitted). However, "[a] conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id.* at 1068–69. Instead, "[i]n his RFC assessment, the ALJ must consider the combined effect of all medically determinable impairments, *whether severe or not*." *Id.* at 1069 (emphasis in original). Thus, an ALJ may, "of course, find at step two that a medically determinable impairment posed no restriction on the claimant's work

5

activities," and such a finding that the claimant has no limitation in any of the four functional areas "obviate[s] the need for further analysis at step four." *Id.* at 1065 n.3. But where the ALJ finds that a claimant's mental impairments caused mild limitations in the four functional areas, further analysis is required at step four. *Id.*

As the ALJ in this case proceeded to step four, he correctly noted,

> The limitations identified in the 'paragraph B' criteria are not an RFC assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found paragraphs B of the adult mental disorders listings. In 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following [RFC] assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

(*Id.*)

Despite his acknowledgement for the need for an independent mental RFC assessment at steps four and five, the ALJ's findings beyond steps two and three do not mention Ms. Rajo's bipolar disorder or how this medically determinable impairment, though non-severe, affects her ability to perform basic work activities. "Without any discussion of Plaintiff's [mental impairments] in [his] RFC, the court cannot conclude that the ALJ properly considered th[ese] impairment[s], singly and in combination with [Plaintiff's] other impairments, thereby necessitating remand of this matter to the ALJ." *Berg v. Berryhill*, No. 16-cv-02718-NYW, 2018 WL 276280, at *9 (D. Colo. Jan. 3, 2018). *See also Nappi v. Berryhill*, No. 18-CV-00655-STV, 2018 WL 5993741, at *5 (D. Colo. Nov. 14, 2018) (finding error and reversing where ALJ did not discuss how the claimant's PTSD, polysubstance abuse disorder, depression, and anxiety disorder impacted

the RFC); *Troe v. Berryhill*, No. 16-cv-02794-MEH, 2017 WL 2333101, at *8 (D. Colo. May 30, 2017) (finding error and reversing where evidence of non-severe mental impairment existed, but ALJ did not discuss those impairments after step two); *Prosser v. Colvin*, No. 14-cv-01964-RM, 2015 WL 5996376, at *6 (D. Colo. Oct. 14, 2015) (finding reversible error where ALJ found medically determinable, but non-severe mental impairments, then failed to discuss those mental impairments in her RFC analysis); *Garcia v. Colvin*, No. 13-cv-01353-RBJ, 2014 WL 3953139, at *9 (D. Colo. Aug. 13, 2014) (ALJ's finding that plaintiff had some medically determinable mental issues that caused mild impairment "required the ALJ to include those impairments in his RFC analysis.").

Moreover, the ALJ gave "great weight" to Dr. Bradley's findings and opinions. (AR 27.) However, he did not address Dr. Bradley's opinion that Ms. Rajo was "mildly impaired" in following areas:

- Her "ability to sustain concentration and to persist in completing routine daily, work-related tasks";
- Her "[a]daptibility and flexibility to changes in routine";
- Her "ability to relate to the public, co-workers, and supervisors";
- Her "ability to respond appropriately to supervisors, coworkers, or otherw in a work setting"; and
- Her "ability to maintain employment."

(AR 355-56.)

The ALJ failure to address how these non-severe conditions impact his RFC determination is a harmful error. *See Trujillo v. Soc. Sec. Admin.*, No. 17-cv-

1590-WJM, 2018 WL 4599690, at *5 (D. Colo. Sept. 25, 2018) (finding error and reversing where ALJ gave great weight to medical opinion finding mild limitations in concentration, persistence, and pace at step two, yet failed to address those limitations in the step four RFC analysis). Although the Court does not demand "technical perfection" by the Commissioner, the ALJ's decision must allow the Court to "follow the adjudicator's reasoning . . . and [] determine that correct legal standards have been applied." *Keyes-Zachary*, 695 F.3d at 1166.

Because the Court agrees that the ALJ erred by failing to consider Plaintiff's mental health impairments at stage four of the analysis, and that such failure requires reversal and remand, the Court does not reach Ms. Rajo's alternative arguments. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## Conclusion

For the reasons set forth above, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion and such other proceedings as the Administrative Law Judge deems appropriate.

Dated this 5th day of December, 2018.

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge